QUESTION: Must the reasonable value of office space and utilities which are furnished free to a state legislator for use as a district legislative office be reported by such legislator as a contribution under s. 111.011, F.S.?
SUMMARY: The reasonable value of office space and utilities which are provided gratuitously to a state legislator for use as a district legislative office should be reported as a contribution under s. 111.011, F.S. For the reasons hereinafter presented, your question is answered in the affirmative. The "contributions" which are required to be reported by s. 111.011, F.S., are defined in paragraph (1)(c) of the statute to include . . . any gift, donation, or payment of money the value of which is in excess of twenty-five dollars to any elected public officer or to any other person on his behalf. And in response to a similar question, I concluded in AGO 074-167: In view of the apparent purpose of the statute — to compel disclosure of all gifts and donations which might tend to influence an elected public officer — I have no doubt that it includes all gifts and donations of a value in excess of twenty-five dollars, irrespective of their form, including such items as hotel or room accommodations, meals and transportation furnished gratuitously to an elected public officer. (Emphasis supplied.) Accordingly, I am of the view that the gratuitous furnishing of office space and utilities to a state legislator should be reported as a contribution under s. 111.011, F.S., where the value of such contribution exceeds $25. In reaching this conclusion, I am not unmindful of your observation that the benefit of the particular contribution about which you inquire ultimately inures to the state by reason of the fact that otherwise you would be incurring expenses for such matters which would be reimbursable to you by the state. However, such is the case with many lodging and transportation services furnished gratuitously to elected public officials; and unless and until the Legislature — by amendment to s. 111.011 — exempts such gifts from the reporting requirements of the statute, I am of the view that they should be reported. This opinion should not be construed as a ruling on the question of the propriety of accepting such a gift in light of the provisions of s. 112.313(1), F.S., as amended by Ch. 74-177, Laws of Florida, prohibiting the acceptance of a gift "that would cause a reasonably prudent person to be influenced in the discharge of official duties," which is a question you may wish to pose to the Commission on Ethics.